# United States Court of Appeals for the Fifth Circuit

---

No. 21-60592
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2022

Lyle W. Cayce
Clerk

Juan Guicol,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A070 691 060

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Juan Guicol, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen his immigration proceedings and rescind an Immigration Judge's (IJ) *in absentia* deportation order issued in 1994. Guicol asserts: his 2018 motion to reopen was timely because he exercised due diligence warranting equitable tolling of

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the filing deadline; and the BIA erred in failing to fully consider his claim that ineffective assistance of counsel deprived him of due process.

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Denial of a motion to reopen is, understandably, reviewed "under a highly deferential abuse-of-discretion standard". *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (citation omitted).

To obtain equitable tolling, Guicol had the burden of establishing: "(1) that he [had] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing". *Id.* at 344 (citation omitted). The underlying facts are undisputed. Guicol's second attorney filed a motion to reopen in 1998 based on claimed ineffective assistance by his first attorney. That motion was denied in 1998, and Guicol's third attorney appealed the decision to the BIA. Because the third attorney failed to file an appellate brief, the appeal was summarily dismissed in 2000. Guicol consulted other attorneys in 2004 but was advised that nothing could be done. He took no further action until 2017, when a friend referred him to the attorney who filed the at-issue motion to reopen.

The BIA did not abuse its discretion in applying the equitable-tolling standard and denying the motion to reopen on the grounds that Guicol failed to show the requisite diligence for reopening. *E.g.*, *Flores-Moreno v. Barr*, 971 F.3d 541, 544–45 (5th Cir. 2020) (concluding BIA did not abuse its discretion by requiring petitioner "to provide meaningful evidence of at least some

effort made" during three-year gap between consultations with different immigration attorneys).

Accordingly, the BIA was not required to reach the merits of his due-process and ineffective-assistance claims. *E.g.*, *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

DENIED.